UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASOPURU OKEMGBO,<br><br>  Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF ECOLOGY, POLY ZEHM, JANE HEDGES, RONALD SKINNARLAND, and CORINA MCELFISH<br><br>  Defendants. | NO:  12-CV-5119-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(b) MOTION TO DISMISS |

BEFORE THE COURT is Defendants' 12(b) Motion to Dismiss (ECF No. 7).  This matter was heard without oral argument on February 15, 2013.  The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

## BACKGROUND

Pro se Plaintiff Asopuru Okemgbo alleges that Defendants violated his civil rights under Title VII of the Civil Rights Act by wrongfully terminating him on the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(b) MOTION TO DISMISS ~ 1

basis of race, national origin, and religion.  Presently before the Court is Defendants' 12(b) Motion to Dismiss.

DISCUSSION

**A. Service of Process**

Pursuant to Federal Rule of Civil Procedure 4, a plaintiff is responsible for serving the summons and complaint within 120 days of filing the complaint.  Fed. R. Civ. P. 4(c)(1), 4(m).  A state agency must be served by delivering a copy of the summons and complaint to the agency's chief executive officer or in a manner prescribed by the respective state's law.  Fed. R. Civ. P. 4(j)(2).  Further, under Washington law, service shall be made upon the Attorney General, or by leaving the summons and complaint in the office of the Attorney General with an Assistant Attorney General.  Wash. Rev. Code § 4.92.020.

In their opening brief Defendants argued that the court lacked personal jurisdiction because Plaintiff in this case failed to serve a copy of the summons and complaint on the Attorney General and the director of the Department of Ecology, Theodore Sturdevant.[1]  However, after the instant motion was filed, a summons and complaint was delivered to the Office of the Attorney General on December 27, 2012.  Moreover, Plaintiff properly served a copy of the summons and complaint on the Deputy Director of the Department of Ecology on December 7,

---

[1] Defendants did not mention this issue in their reply brief.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(b) MOTION TO DISMISS ~ 2

2012. Thus, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction and/or insufficient service of process as moot.

**B. Claims Against Individual Defendants**

In their opening brief, Defendants also argue that Plaintiff fails to state a claim against individual Defendants Poly Zehm, Jane Hedges, Ronald Skinnarland, and Corina McElfish because individuals cannot be held liable for damages under Title VII. *See Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). Plaintiff responded that these individuals are listed as "co-respondents" with the Department of Ecology "because of their discriminatory actions within their official capacities as agents of the state." ECF No. 14 at 2. Plaintiff withdrew his charge of individual liability against Defendant Skinnarland and indicated he would proceed against all individuals in their official capacities.

While suits against individuals seek to impose personal liability upon government officials for actions taken under the color of state law, official capacity suits "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)(internal citations omitted)("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, the Ninth Circuit has held that when both an official and a government entity are

named, and the officer is named only in an official capacity, the court may dismiss the suit against the official as a redundant defendant. *Ctr. For Bioethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2007). However, official capacity claims are not redundant when they are necessary to foreclose an assertion of Eleventh Amendment immunity on behalf of the government entity. *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 (9th Cir. 2002). Moreover, under *Ex Parte Young,* 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions against state officers in their official capacities when plaintiff is seeking only prospective declaratory or injunctive relief. *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 2002).

The Supreme Court has held that Congress abrogated Eleventh Amendment immunity with respect to Title VII claims. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 455-56 (1976). As Plaintiff is only alleging Title VII claims, it is unnecessary to foreclose an Eleventh Amendment immunity assertion by the government entity. Thus, the Court finds that Plaintiff's claims against the individuals in their official capacity are duplicative of his Title VII claims against the Department of Ecology. The claims against Jane Hedges, Poly Zehm, Ronald Skinnarland, and Corina McElfish are dismissed as redundant.

///

///

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' 12(b) MOTION TO DISMISS ~ 4

### C. Leave to Amend Complaint

The Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous. The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The Court cannot conceive of any new facts that could possibly cure the pleading. Thus, the Court finds that leave to amend would be futile under these circumstances and declines to grant leave to amend the Complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' 12(b) Motion to Dismiss, ECF No. 7, is **GRANTED** in part and **DENIED** in part.
2. Defendants Jane Hedges, Poly Zehm, Ronald Skinnarland, and Corina McElfish are **DISMISSED**. The Clerk of Court shall terminate these Defendants from the case and adjust the caption accordingly.

//

//

1     The District Court Executive is hereby directed to enter this Order and

2 provide copies to counsel and Plaintiff.

3     **DATED** this 20th day of February, 2013.



                    THOMAS O. RICE
               United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
12(b) MOTION TO DISMISS ~ 6